IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|     Respondent/Plaintiff, ) | |
| vs. ) | No. 3:04-CR-251-K (1) |
| ) | No. 3:05-CV-2451-K (BH) |
| CHRISTINA RUIZ MARTINEZ, ) | ECF |
| ID # 32704-177 ) | |
| ) | |
|     Movant/Defendant. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

**A. Nature of the Case**

Movant Cristina Ruiz Martinez filed this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. The respondent is the United States of America (the government).

**B. Procedural History**

As a result of her plea of guilty to Count 1 of the indictment, defendant Martinez was adjudged guilty of conspiracy to possess with intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1). On March 15, 2005, she pleaded guilty, and on June 15, 2005, was sentenced to 70 months' imprisonment and a three-year term of supervised release. Movant did not appeal her conviction or sentence.

Martinez timely filed her motion under 28 U.S.C. § 2255 on December 14, 2005. She seeks relief under § 2255 on the ground that counsel provided ineffective assistance of counsel in (1) inducing her to sign the plea agreement which took away all of her constitutional rights without any protections; (2) allowing her to enter an "open ended" plea agreement where no drug quantity was stipulated; and (3) failing to challenge the government's use of the Presentence Report ("PSR") to establish the quantity and type of drug used to determine her sentence and to circumvent *United States v. Booker,* 543 U.S. 220 (2005). (Motion at 4; Memorandum at 3, 8.) The government filed a response to the motion.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

The now-familiar two-pronged standard for review of claims of ineffective assistance of counsel was set forth by the Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984): "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense."[1] This same test applies to challenges to guilty pleas based upon ineffective assistance of counsel.[2]

In order to show the deficiency component, the burden is upon the defendant to show that his counsel's representation fell below an objective standard of reasonableness by identifying acts or omissions of counsel "that are alleged not to have been the result of reasonable professional

---

[1] *Strickland,* 466 U.S. at 687.

[2] *Hill v. Lockhart,* 474 U.S. 52, 58 (1985).

judgment."³ A district court then determines whether, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance."⁴ There is a strong presumption that the performance of counsel falls within this range.⁵ In order to prove prejudice in the plea process, the defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."⁶

**A. <u>Voluntariness of Plea</u>**

Because a guilty plea relinquishes rights of the defendant, "the Constitution insists, among other things, that the defendant enter a guilty plea that is 'voluntary' and that the defendant must make related waivers 'knowing[ly], intelligent[ly], [and] with sufficient awareness of the relevant circumstances and likely consequences."⁷ Ordinarily, a waiver is entered knowingly, intelligently, and with sufficient awareness, when "the defendant fully understands the nature of the right and how it would likely apply in general in the circumstances–even though the defendant may not know the specific detailed consequences of invoking it."⁸ With "respect to a defendant's awareness of relevant circumstances, [the Constitution] does not require complete knowledge of the relevant

---

³*Strickland*, 466 U.S. at 690.

⁴*Id., Hill*, 474 U.S. at 57-58, *citing Tollet v. Henderson*, 411 U.S. 258 ((1973) and *McMann v. Richardson*, 397 U.S. 759 (1970).

⁵*United States v. Samuels*, 59 F.3d 526, 529 (5th Cir. 1995); *see also King v. Lynaugh*, 868 F.2d 1400, 1405 (5th Cir.), *cert den'd*, 489 U.S. 1093 (1989).

⁶*Hill*, 474 U.S. at 59.

⁷*United States v. Ruiz*, 536 U.S. 622, 629 (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)).

⁸*Id.* at 630.

3

circumstances, but permits a court to accept a guilty plea, with its accompanying waiver of various constitutional rights, despite various forms of misapprehension under which a defendant might labor."[9] "[A] defendant need only understand the direct consequences of the plea; he need not be made aware [of] every consequence that, absent a plea of guilty, would not otherwise occur."[10]

A guilty plea may be invalid if induced by a defense counsel's unkept promises.[11] Ordinarily, however, "a defendant will not be heard to refute his testimony given under oath when pleading guilty."[12] "Solemn declarations in open court carry a strong presumption of verity," and the "representations of the defendant, his lawyer, and the prosecutor at a [plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings."[13] Any documents signed by the defendant at the time of the guilty plea are entitled to "great evidentiary weight."[14]

Martinez's claim that she entered a plea agreement that gave up all of her constitutional rights upon inducement by counsel is directly refuted by her testimony and the documents signed by her. Both Martinez and her counsel signed the plea agreement and the factual resume. (Docket nos. 84 and 85). The plea agreement included an express declaration that the "plea of guilty is freely

---

[9]*Id.*

[10]*United States v. Hernandez,* 234 F.3d 252, 255 (5th Cir. 2000).

[11]*United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir. 1998), *citing Harmason v. Smith,* 888 F.2d 1527, 1529 (5th Cir. 1989).

[12]*United States v. Fuller,* 769 F.2d 1095, 1099 (5th Cir. 1985) (quoting *United States v. Sanderson,* 595 F.2d 1021, 1022 (5th Cir. 1979).

[13]*Blackledge v. Allison,* 431 U.S. 63, 73-74 (1977).

[14]*See United States v. Abreo,* 30 F.3d 29, 32 (5th Cir. 1994).

4

and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement." (Plea Agreement at 4, ¶ 10.) Martinez expressly agreed that she waived her rights to plead not guilty, to have a trial by jury, to have her guilt proven beyond a reasonable doubt, to confront and cross-examine witnesses in her defense, and against self incrimination. (Plea Agreement at 1, ¶¶ 1-2.) She also expressly agreed to waive her right to appeal except on limited grounds, and to waive her right to challenge her conviction in any collateral proceeding, except for a claim of ineffective assistance of counsel. (Plea Agreement at 5, ¶ 11.) She also agreed that "[t]here have been no guarantees or promises as to what sentence the Court will impose." (Plea Agreement at 4, ¶ 10.) Within a few days of signing these documents, at the rearraignment hearing, Martinez admitted she committed each of the essential elements of the offense. (March 15, 2005, Rearraignment Transcript at 12.) She testified that she entered the plea agreement voluntarily, of her own free will, and without any other promises or assurances. (March 15, 2005, Tr. at 13-14.) She testified that she understood the waiver of her constitutional rights. (March 15, 2005, Tr. at 3-6.) Martinez also testified that she had discussed the facts and circumstances surrounding the indictment with her attorney, and "[was] fully satisfied with advice and the representation that he has afforded [her] in this matter."(March 15, 2005, Tr. at 13.) The Court found that her plea of guilty was knowing and voluntary. (March 15, 2005, Tr. at 19.)

After review of the record, Martinez has not made any sufficient showing that counsel was deficient with regard to her entry of the plea agreement and waiver of her rights. She fails to show why the Court should not afford "great evidentiary weight" to the documents she agreed to, and afford the "strong presumption of verity" to her prior sworn testimony that she understood the waiver of her constitutional rights, and entered her guilty plea knowingly and voluntarily. Martinez

5

has not shown that counsel engaged in deficient conduct with regard to the allegation that he induced her to sign a plea agreement that gave away her rights. The Court should find that Martinez has not shown that counsel was ineffective on this first claim.

## B. "Open ended" Plea Agreement

In her second claim of ineffective assistance relating to the entry of the plea agreement, Martinez alleges counsel allowed her to enter into an "open ended" agreement where no drug quantity was stipulated. Once again, Martinez has not shown any deficiency. She admitted to a July 15, 2004, drug transaction involving 5 kilograms of cocaine as an overt act of the conspiracy, admitted that she conspired to possess with intent to distribute and to distribute 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, and admitted that she was involved in an ongoing conspiracy for over a year. (Factual Resume at 3-4.) In the plea agreement and factual resume signed by Martinez, she was advised that the minimum penalty was imprisonment for not less than 10 years. (Plea Agreement at 2, ¶ 3; Factual Resume at 1.) Her offense carried a statutory minimum sentence of 10 years' imprisonment.[15] At the time of her guilty plea, Martinez was admonished that the sentencing guidelines would be advisory as applied to her. (March 15, 2005, Tr. at 17.)

In the presentence report providing the advisory guideline calculation, Martinez's base offense level was 34, determined based upon the 5 kilograms of the overt act, and other amounts of cocaine and marijuana in her possession, ordered, or brokered by her during the time period of the conspiracy. (PSR ¶ 25, ¶ 33.) At this offense level, and her criminal history category of I, the

---

[15] 21 U.S.C. A. § 841(b)(1)(A)(ii)(II)(West 1999).

applicable guideline range would have been 151-188 months. Yet, as a result of the entry of a plea agreement and resulting from her assistance with law enforcement, Martinez's offense level was reduced from level 34 to level 27. (PSR at 7, ¶¶ 33-39; June 15, 2005, Sentencing Transcript at 4.) She was awarded three points for acceptance of responsibility under United States Sentencing Guideline ("USSG") § 3E1.1(a) and (b), and two points under the "safety valve" provision in USSG § 2D1.1(b)(7) and USSG § 5C1.2(a)(1-5). (PSR at 7, ¶ 34, ¶ 38.) The Court also granted the government's motion for a two-level downward departure. (June 15, 2005 Tr. at 4.) Thus, as a result of the plea agreement and the downward departure motion, Martinez's advisory guideline range was 70 to 87 months. (June 15, 2005 Tr. at 4.) The Court, noting that the guidelines were advisory, sentenced her to 70 months. (June 15, 2005 Tr. at 5, 8.) This sentence is 50 months below the statutory minimum, and 81 months below the bottom of the applicable guideline range had she received no adjustments. As counsel assisted Martinez into a plea agreement that enabled her to obtain a sentence far below the statutory minimum, the fact that such plea agreement did not specify drug quantity cannot be said to be deficient. Furthermore, on this second challenge to her entry of the plea agreement, Martinez has not even claimed prejudice by contending that she would have pleaded guilty and insisted on going to trial. The court should deny this second claim.

## C. Failure to Object to Type and Quantity of Drug

In the third claim, Martinez alleges counsel failed to challenge the government's use of the PSR to establish the quantity and type of drug used to determine her sentence and to circumvent *Booker.* The Court actually sentenced Martinez under *Booker,* so Martinez's reference to such case and any deficiency of counsel is without merit. (June 15, 2005, Tr. at 5; Judgment, Statement of Reasons.) With regard to her arguments about the type of drugs involved, it appears that Martinez

7

is confused about the drug equivalency conversion that was required since her relevant conduct included both cocaine and marijuana. (PSR at 5-6, ¶¶ 25-26.) The cocaine quantity was converted into a marijuana equivalent under USSG 2D1.1, application note 10, in order to simplify the calculation of the guideline range. (PSR at 27.) There is no deficiency of counsel in the type-of-drug and *Booker* aspects of Martinez's third ground for relief.

It also appears that Martinez is asserting that counsel was ineffective for not objecting to the consideration of amounts of cocaine and marijuana in addition to the 5 kilograms recited in the factual resume as the overt act of the conspiracy. But, as noted above, Martinez admitted in the factual resume to involvement in an ongoing conspiracy for over a year, and to "conspiring to possess with intent to distribute and to distribute 5 kilograms *or more* of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance." (Factual Resume at 4.) Thus, she was aware that she could be held accountable for more than the 5 kilogram transaction. Post *Booker,* a sentencing judge "is entitled to find by a preponderance of the evidence all the facts relevant to the determination of a Guideline sentencing range and all facts relevant to the determination of a non-Guidelines sentence."[16] In determining the offense level of a defendant convicted of a drug conspiracy, the Court may consider the drug quantities attributed to a defendant as part of his "relevant conduct" closely related to and in furtherance of the charged drug conspiracy.[17] A review of the PSR confirms that the additional drug quantities were properly considered in the calculation of Martinez's sentence as relevant conduct. Martinez was involved in

---

[16]*United States v. Mares,* 402 F.3d 511, 519 (5th Cir.), *cert. den'd,* 546 U.S. 828 (2005).

[17]*See* USSG § 1B1.3; *see also United States v. Solis,* 299 F.3d 420, 462 (5th Cir. 2002); *Untied States v. Puig-Infante,* 19 F.3d 929, 942 (5th Cir. 1994).

possessing, ordering or negotiating for each of the amounts included. (PSR ¶¶ 21-23, 25-27.) Although the probation officer listed an additional 30 kilogram cocaine sale transaction, those amounts were not applied to Martinez. (PSR ¶24.) Even assuming, without deciding, that counsel was deficient by not objecting, Martinez has not shown prejudice.[18]

In the context of ineffective assistance of counsel at sentencing, prejudice is established if the movant demonstrates that his sentence was increased by the deficient performance of his attorney.[19] In other words, the movant must show that counsel's deficiencies created a reasonable probability that his sentence would have been less harsh.[20] Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent the alleged errors of counsel.[21] Martinez cannot make this showing. Any objection likely would not have been sustained, particularly in light of the fact that an additional 30 kilogram transaction was not attributed to Martinez. Further, even if an objection had resulted in the Court limiting Martinez to only the 5 kilogram transaction, and all other sentence reductions were the same, the advisory guideline range would have included 70 months.[22] The Court, when sentencing

---

[18]*Strickland*, at 697. The Supreme Court instructed:

> "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by defendant as a result of the alleged deficiencies. The object of an ineffective [ness] claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."

[19]*Glover v. United States,* 531 U.S. 198, 200-04 (2001).

[20]*See id.* at 200.

[21] *Strickland,* 466 U.S. at 695-96.

[22]The base offense level as calculated was 34, but if only the 5 kilograms of cocaine admitted to as an overt act had been counted, the applicable base offense level would have been 32. Assuming all other sentence reductions were still awarded to Martinez, the advisory guideline range would have been 57-71 months.

Martinez, stressed to her that the guideline range was only advisory, and that he could go below or above that range as long as the sentence imposed was reasonable. Martinez has not shown that any conduct of her counsel created a reasonable probability that her sentence would have been less harsh. The Court should deny Martinez's third claim that counsel was ineffective for failing to challenge the quantity and type of drugs used to determine her sentence and to circumvent *Booker*.

### III. EVIDENTIARY HEARING

Upon review of the motion to vacate and the files and records of this case, an evidentiary hearing appears unnecessary. No evidentiary hearing is required, when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. In this instance, the matters reviewed by the Court conclusively show that movant is entitled to no relief.

### IV. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DENY** the Motion to Vacate, Set Aside, or Correct Sentence brought pursuant to 28 U.S.C. § 2255.

**SIGNED this 11th day of February, 2008.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE